LATHAM & WATKINS LLP
   Perry J. Viscounty (SBN 132143)
   *perry.viscounty@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Attorneys for Plaintiff
craigslist, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>INSTAMOTOR, INC., a Delaware corporation, and DOES 1-10,<br><br>            Defendants. | CASE NO. 3:17-cv-02449-MMC<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION AGAINST INSTAMOTOR, INC.** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff craigslist, Inc. ("craigslist") owns and operates the *craigslist.org* website, the access to, and use of which, is governed by craigslist's Terms of Use.

2. craigslist's Terms of Use prohibit, among other things, the use of "[r]obots, spiders, scripts, scrapers, crawlers" and the transmission of any "misleading, unsolicited, unlawful, and/or spam postings/email."

3. craigslist's Terms of Use further prohibit the collection of "users' personal and/or contact information."

4. craigslist's Terms of Use are valid and enforceable against Defendant Instamotor, Inc. ("Defendant") and Defendant accepted and agreed to be bound by those terms.

5. craigslist is a provider of Internet access service as defined in 15 U.S.C. § 7702(11).

6. craigslist's website and computers are protected computers within the meaning of 15 U.S.C § 7702(13).

7. Defendant owns and operates the Instamotor service located at the *instamotor.com* website (the "Instamotor Website").

8. Defendant used automated means to access the craigslist website and scrape craigslist content, including postings, pictures, and craigslist users' contact information.

9. Defendant also employed a team of individuals based in the Philippines (the "Philippines Team") to (1) access the craigslist website and copy craigslist content—including postings, pictures, and craigslist users' contact information; and (2) send emails to craigslist users seeking to obtain additional information (*e.g.*, the vehicle's VIN, mileage, or license plate number) without identifying that the senders were affiliated with Instamotor, which information Instamotor then used to create unauthorized vehicle advertisements on the Instamotor Website.

10. Instamotor provided the Philippines Team with specific directions about the information that the Philippines Team should seek to obtain from craigslist users.

11. Defendant harvested craigslist users' contact information from the craigslist website and initiated many thousands of electronic mail messages to such users. The primary purpose of these electronic mail messages was the commercial advertisement or promotion of Instamotor's commercial products or services (including content on an Internet website operated for a commercial purpose).

12. Defendant initiated the transmission of commercial electronic messages that failed to clearly and conspicuously identify that the messages were advertisements or solicitations for Instamotor's services, did not contain clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender (*i.e.*, an unsubscribe button), and did not provide a physical postal address of the sender.

13. Defendant initiated the transmission of commercial electronic mail messages that contained false and misleading (i) header information, (ii) subject lines, and (iii) content in the

body of the messages.

14. Defendant sent these unlawful commercial electronic mail messages from what appeared to be personal Gmail accounts. Defendants used, without authorization, craigslist's own email relay system to transmit their commercial electronic mail messages.

15. Defendant's actions, as described above and more fully in craigslist's Complaint (*see* Dkt. No. 1), constitute:

   a. Breach of contract;
   b. Violations of the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*; and
   c. Violations of California Restrictions on Unsolicited Commercial Email Advertisers, Cal. Bus. & Prof. Code §§ 17529 *et seq.*

## I. **Final Judgment**

Judgment is entered in favor of craigslist against Defendant in the amount of $31,052,314, comprised of the following:

   A. $25,674,300 for violations of the CAN-SPAM Act based on 85,581 emails at $100 per email, trebled pursuant to 15 U.S.C. § 7704(b)(1); and
   B. $5,378,014 for breach of craigslist's Terms of Use based on collecting personal information ($1 for each email address and $1 for each phone number) from 2,689,007 listings.

## II. **Injunction**

Defendant and its current and future officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with it or individuals within its control (collectively, the "Prohibited Parties"), are ordered and enjoined as follows:

   A. Within one day (1) day of the entry of this Order, the Prohibited Parties will forever cease access to and/or any use of, including but not limited to reproducing, transmitting, displaying, framing, including, disseminating, publishing, distributing, selling, or giving away ("Access and Use"), any content, including but not limited to user-generated postings, advertisements, information, data, images, messages, or emails, that has been submitted to,

posted on, or transmitted via any craigslist website, service, or computer server, including, but not limited to *craigslist.org* ("craigslist Content"). For the avoidance of doubt, this prohibition includes, but is not limited to, craigslist Content that a third party, including without limitation a third party located outside U.S. jurisdiction, has obtained from (i) any craigslist website, service, or computer server, or (ii) any other party, or series of parties, that itself or themselves obtained craigslist Content from any craigslist website, service or computer server.

B. The prohibition on Access and Use of craigslist Content includes: 1) direct Access and Use by the Prohibited Parties; and 2) indirect Access and Use via a third party, intermediary, or proxy, including but not limited to any search engine or participant in crowd sourcing of craigslist Content. The prohibition covers all Access and Use by the Prohibited Parties and provides no exceptions, including but not limited to a claim of fair use or implied license.

C. The Prohibited Parties are also permanently prohibited from:

(1) sending or transmitting, or paying, directing, aiding, or conspiring with others to send or transmit (i) any commercial electronic mail or electronic communication to any craigslist email address, user, member or poster, bearing any false, fraudulent, anonymous, inactive, deceptive, or invalid return information, or otherwise using any other artifice, scheme or method of transmission that would prevent the automatic return of undeliverable electronic mail to its original and true point of origin or that would cause the email return address to be that of anyone other than the actual sender or by any other means in violation of the CAN-SPAM Act, 15 U.S.C. § 7701, et seq. or (ii) any commercial electronic mail message to email addresses known to have been acquired or harvested from any craigslist website;

(2) directly or indirectly downloading, harvesting, obtaining, or copying craigslist Content by any means whatsoever, including but not limited to robots, spiders, scrapers, or crawlers;

(3) directly or indirectly displaying, framing, including, disseminating, publishing, distributing, selling, giving away, or otherwise presenting or making available to any person or entity, or facilitating same, any craigslist Content;

(4) representing, on their websites, in their mobile apps, or otherwise, that they are in any way affiliated with craigslist, or that any of their products or services contain or include any craigslist Content;

(5) directly or indirectly circumventing technological measures that control access to any craigslist website or any portions thereof, including but not limited to, measures that: monitor and/or block activity associated with particular IP addresses or provide a set of instructions to any automated technologies visiting the craigslist website that prohibit automated programs (*e.g.*, a robots.txt file), whether through use of multiple IP addresses or any other means; and

(6) engaging in the purchase, acquisition, collection, harvest, sale, transfer, transmission, distribution, trade, or display of craigslist users' postings, names, locations, addresses, email addresses, phone numbers, contact information, screen names or other user information, taken from any craigslist website, service, or computer server, including, but not limited to *craigslist.org*, or lists thereof.

D. Within ten (10) days of the entry of this Order, the Prohibited Parties shall permanently delete or destroy any craigslist Content, regardless of whether obtained directly or indirectly, whether stored in electronic form or otherwise, in their possession, custody, or control.

### III. Monitoring Compliance

It is further ORDERED that the Prohibited Parties shall:

A. Take reasonable steps sufficient to monitor and ensure that all persons within their control or past or present employment (whether as independent contractors, employees, agents, partners or in some other capacity) comply with this Order, including but not limited to providing a copy of this Order to any person within their control or past or present employment and requesting that such person adhere to its terms; and

B. Take all reasonable corrective action with respect to any individual within their control or employment whom any Prohibited Party determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying craigslist promptly in writing of the underlying conduct.

### IV. Retention of Jurisdiction

It is further ORDERED that this Court shall retain jurisdiction of this matter in law and equity for purposes of (1) enforcing and/or adjudicating claims of violations of this Order, with any such dispute being raised by noticed motion; and (2) permitting craigslist to pursue its claims against the Doe Defendants, including by conducting relevant discovery from current and former Instamotor directors, officers, employees, investors, and/or other third parties. For the avoidance of doubt, this Order resolves craigslist's claims solely against Instamotor, and does not resolve any potential claims against the Doe Defendants or former officers, agents, servants, employees, or affiliates of Instamotor, Inc.

**IT IS SO STIPULATED**.

Dated: August 17, 2017

LATHAM & WATKINS LLP

By: _____
Perry J. Viscounty

Attorneys for Plaintiff
CRAIGSLIST, INC.

61283266.2

6

Case No. 3:17-cv-02449-MMC
STIPULATED JUDGMENT AND
PERMANENT INJUNCTION

US-DOCS\92663055.1

Dated: August 17, 2017

FOCAL PLLC

By: _____
Venkat Balasubramani

Attorneys for Defendant
INSTAMOTOR, INC.

**ORDER**

IT IS SO ORDERED.

Date: August 18, 2017

_____
Hon. Maxine M. Chesney
U.S. District Court Judge